# United States Court of Federal Claims

No. 14-250 C

Filed: February 7, 2018

_____

**CALIFORNIA RIDGE WIND**
**ENERGY, LLC and**
**INVENERGY WIND, LLC,**

      *Plaintiffs,*

**v.**

**UNITED STATES OF AMERICA,**

      *Defendant.*

_____

### ORDER GRANTING JOINT MOTION TO SET PRETRIAL SCHEDULE AND CONSOLIDATE CASES

      Counsel have filed a joint motion to schedule trial of this case and various deadlines for pre-trial activities. Their willingness to submit jointly this detailed proposal suggests that the trial should also be organized well and efficiently, to the benefit of all concerned. For that reason, we have set the trial to begin on Monday, July 23 at 10:00 AM local time, to continue at 9:00 AM on successive days thereafter. Trial will adjourn with any remaining testimony and closing arguments on Friday, July 27.

      Rule 42(a) of the United States Court of Federal Claims allows the court to consolidate pending actions that involve a common question of law or fact to avoid unnecessary costs or delay. RCFC 42(a). The two separate actions involve similar facts and claims for relief pursuant to the American Recovery and Reimbursement Tax Act of 2009. For the purposes of trial, this case will be consolidated with *Bishop Hill Energy, LLC et al. v. United States* (Case No. 14-251 C) pursuant to the joint request of the parties whose motion to consolidate is **GRANTED**.

      We accept the dates set out specifically by counsel for various pre-trial deadlines; they may assume Monday, July 2 at 11:00 AM as the time for a pre-trial conference and calculate all non-specific deadlines using that date. Counsel may extend any deadlines by agreement without leave of the court so long as such interim delays do not affect the start of trial on July 23.

As suggested by the parties, defendant may combine direct and cross examinations of any witnesses called by plaintiffs if said witnesses appear on witness lists for plaintiffs and defendant. Counsel may propose any other refinements of normal trial procedures at the pre-trial conference, which proposals will very likely be granted by the court if agreed to by the parties. For example, we will ask but not insist that the parties stipulate to the expertise of expert witnesses so long as their areas of expertise are clearly delineated. We do not limit time allotted to counsel for opening and closing statements, though openings normally would be limited to general scene-setting, while closing arguments are usually valuable summations that assist the court in putting testimony and other evidence in context. We will discuss all of these matters and others with counsel at the pre-trial conference.

This court is available to the parties at any time to discuss trial-related problems or issues that may arise, on or off the record, in court or by telephone conference, at the request of either party. Normally, such conferences would be scheduled within two days of such a request.

**IT IS SO ORDERED.**

s/*Robert H. Hodges, Jr.*
Robert H. Hodges, Jr.
Senior Judge